# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ZOBAIDA MASUD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 C 6419 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| ROHR-GROVE MOTORS, INC., d/b/a | ) |
| ARLINGTON NISSAN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Following a jury verdict for plaintiff on a Title VII hostile work environment claim, but against her on her retaliation claims, defendant Arlington Nissan has filed a motion to strike any back pay remedy. The Court grants that motion [164]. Civil case terminated.

## DISCUSSION

Defendant asks this Court to rule that back pay is not available to plaintiff, as a matter of law, because back pay is only available to a plaintiff who has suffered an actual or constructive discharge for a Title VII-prohibited reason, such as discrimination or retaliation, and the evidence at trial showed that plaintiff was not discharged for any prohibited reason.

Plaintiff's claims at trial were that (1) she was subjected to a hostile work environment based on her sex, race, national origin and religion, in violation of Title VII; (2) she was terminated in retaliation for complaining about the hostile work environment, in violation of Title VII; and (3) she was terminated in retaliation for complaining about criminal acts of assault, intimidation, and battery, in violation of Illinois law. As defendant explains in its motion, at the pretrial conference plaintiff explicitly disavowed any claim of discriminatory termination on

grounds other than retaliation, and the jury's verdict was in favor of defendant on the retaliation claims.

Plaintiff responds that a victim of a hostile work environment may recover back pay if she resigned because working conditions had become so intolerable that she was constructively discharged, and in this case, plaintiff argues, the evidence supports a finding that she resigned because of intolerable conditions. *See, e.g., Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673 (7th Cir. 2010); *Porter v. Erie Foods, Int'l, Inc.*, 576 F.3d 629, 640 (7th Cir. 2009). Plaintiff prevailed on her hostile work environment claim, adducing evidence of threatening and offensive sexual advances and other harassment, and the evidence at trial showed that she signed a resignation letter. Thus, plaintiff now argues, this Court may find that she was constructively discharged because her working conditions had become intolerable due to the harassment she suffered. *See Brown v. D.C.*, 768 F. Supp. 2d 94, 103, 105 (D.D.C. 2011) (district court may "make factual findings, such as constructive discharge, in the equitable phase of trial as long as those findings are consistent with the jury's verdict").

However, plaintiff makes no attempt to distinguish *Hertzberg v. SRAM Corp.*, 261 F.3d 651, 656, 660-61 (7th Cir. 2001), cited by defendant, in which the Seventh Circuit held that the plaintiff could not recover lost pay as a remedy for sexual harassment because she never claimed at or prior to trial to have been constructively discharged due to intolerable working conditions, and the jury rejected her retaliatory discharge claims. This case is virtually identical.

At best, plaintiff feebly gestured at a constructive discharge theory. For example, her proposed jury instructions would have instructed the jury that it could find that she was constructively discharged either if (1) she was informed that if she did not resign she would be immediately terminated, or (2) her workplace had become so intolerable that no reasonable

employee could endure it. (Pl.'s Proposed Jury Instruction No. 45, ECF No. 130-11, at 53.) However, the Court rejected that instruction, which was inconsistent with plaintiff's own testimony, and adopted a modified version of defendant's counter-instruction, which instructed the jury only on the first type of constructive discharge, not the second. (ECF No. 157, at 29.)

At trial, plaintiff testified that, although she would not have remained at Arlington Nissan indefinitely if the harassment continued unabated, she left Arlington Nissan's employment on August 27, 2009, because her manager, Latif Qadri, told her that he would have to fire her after she had an altercation with Pam Bockwinkel, an officer of the company. She testified that she wanted to remain employed at Arlington Nissan on August 27, 2009, not that she resigned because the working conditions were intolerable. Thus, if she was constructively discharged, it was in the ahead-of-the-axe sense on which the jury was instructed, not the intolerable-conditions sense she now describes.

True, the jury's verdict does not intrinsically contradict plaintiff's current contention that she was constructively discharged due to intolerable working conditions. The jury made no specific findings as to how plaintiff left defendant's employment, other than to find that she was not terminated in retaliation for reporting harassment or for reporting criminal assault, intimidation or battery, and it does not necessarily follow from that finding alone that she was not constructively discharged due to her intolerable working conditions.

But even if her faint suggestions of an intolerable-conditions constructive discharge theory were somehow enough to excuse her failure to plead or prove that theory, and even if the Court were to review the evidence to determine whether plaintiff was constructively discharged due to her intolerable working conditions, it would conclude that she was not. *See Brown*, 768 F. Supp. 2d at 105 ("The Court cannot ignore Plaintiff's failure to plead claims and facts related to

3

any claim of discriminatory discharge or constructive discharge from the time she left the employ of the [defendant] until the jury trial . . . . Regardless, as the jury was not asked to, and therefor[e] did not, make any finding of constructive discharge, this Court assessed the evidence presented at trial, including credibility of the witnesses, to determine whether a constructive discharge occurred. This Court holds that Plaintiff was not . . . constructively discharged from her employment . . . .") (citing *Hertzberg*, 261 F.3d at 660-61). Plaintiff testified that she wanted to remain at Arlington Nissan, but the general manager told her that she would not be permitted to do so. The jury found that plaintiff's discharge was not retaliatory, plaintiff disavowed at the pretrial conference any claim that it was discriminatory, and the evidence does not support plaintiff's present argument that it was a constructive discharge due to intolerable working conditions.

In short, plaintiff cannot be heard to argue at this stage of the case that she resigned, when she pleaded and attempted to prove at trial that she did not resign but was terminated in retaliation for her complaints about defendant's discrimination and misconduct. *See Bell v. City of Chi.*, No. 03 C 2117, 2006 WL 1343177, at *8 (N.D. Ill. May 11, 2006). Even if the Court were to entertain any such argument, it would reject it as unsupported by the evidence at trial. The Court concludes that no lost pay remedy is available to plaintiff in this case. Civil case terminated.

**SO ORDERED.**                                   **ENTERED:** May 5, 2016

**HON. JORGE ALONSO**
**United States District Judge**