**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZOBAIDA MASUD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 C 6419 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| ROHR-GROVE MOTORS, INC., d/b/a | ) |
| ARLINGTON NISSAN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following a jury verdict for plaintiff Zobaida Masud on a Title VII hostile work environment claim, but against her on her retaliation claims, plaintiff and defendant Arlington Nissan have submitted bills of costs. The Court denies both bills of costs and orders each party to bear its own costs.

**DISCUSSION**

Plaintiff's claims at trial were that (1) she was subjected to a hostile work environment based on her sex, race, national origin and religion, in violation of Title VII; (2) she was terminated in retaliation for complaining about the hostile work environment, in violation of Title VII; and (3) she was terminated in retaliation for complaining about criminal acts of assault, intimidation, and battery, in violation of Illinois law. The jury returned a verdict for plaintiff on the hostile work environment claim, awarding her $150,000 in compensatory damages and $450,000 in punitive damages. This Court subsequently reduced the damages award to $50,000, in accordance with the applicable statutory cap on damages. *See* 42 U.S.C. 1981a(b)(3)(A); *EEOC v. Custom Cos., Inc.*, No. 02 C 3768, 2007 WL 734395, at *8 (N.D. Ill. Mar. 8, 2007) ("Compensatory and punitive damages together must comply with the § 1981a caps.") (citing

1

*Lust v. Sealy*, 383 F.3d 580, 589 (7th Cir. 2004)). The jury's verdict was for defendant on both retaliation claims. The Court entered judgment on May 5, 2016.

On June 3, 2016, plaintiff filed a bill of costs and a supporting memorandum,[1] in which she argued that she was the "prevailing party," under Federal Rule of Civil Procedure 54(d), by virtue of the sizable sum the jury awarded her on her hostile work environment claim, even though she did not prevail on the other claims submitted to the jury. Further, she argued that there can only be one "prevailing party," which is the party "who prevails as to the substantial part of the litigation." *Testa v. Vill. of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996). Because she received substantial relief on her hostile work environment claim, plaintiff contends that she is entitled to an award of costs, and defendant is not.

Defendant responds that the jury verdict in this case was mixed: plaintiff may have won on one claim,[2] her hostile work environment claim, but she received only modest relief in comparison with what she sought, and she lost on the two retaliation claims. The jury's $600,000 award, defendant argues, was only 12% of what plaintiff sought, and the Court later reduced that figure to less than 1% of what plaintiff sought. Further, in closing arguments, plaintiff argued that the Illinois law retaliatory discharge claim was the "worst" of the claims (by which the Court understood plaintiff to mean that it was the most egregious misconduct by defendant), but defendant prevailed on that claim as well as the Title VII retaliation claim. Defendant argues that the Court, in the exercise of its discretion, may award costs to plaintiff in full, award reduced costs to account for the mixed result, or decline to award costs at all. *See*

---

[1] Although the document is captioned, "Plaintiff's Petition Attorney Fees and Costs" (ECF No. 174), a footnote clarifies that it applies only to costs. The Court has extended the deadline to seek attorney's fees to July 7, 2016. This Memorandum Opinion and Order is concerned only with the parties' bills of costs, not attorney's fees.

[2] Plaintiff mischaracterizes the hostile work environment claim as three separate claims of hostile work environment based on sex, religion, and national origin, but the Court already rejected this position when it rejected plaintiff's proposed jury instructions, which treated the hostile work environment claim as a number of separate claims, in favor of instructions and verdict forms that made clear that there was only one hostile work environment claim in this case.

*Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999). Defendant submits that in this case, based on the mixed result, the Court should either decline to award costs to either side, *see Testa*, 89 F.3d at 447, reduce plaintiff's award to one third of the amount claimed to account for her prevailing on only one of her three claims, or award offsetting costs, effectively reducing plaintiffs' award of costs by the amount of costs defendant has claimed.

Defendant is correct that this Court has broad discretion to decline to award costs to plaintiff or to reduce the amount of costs awarded based on the mixed result she obtained. *See* Fed. R. Civ. P. 54(d) ("***Unless*** a federal statute, these rules, or ***a court order provides otherwise,*** costs—other than attorney's fees—should be allowed to the prevailing party.") (emphasis added). Plaintiff seems to suggest that the Court must identify a single prevailing party and award that party its full costs, but this is incorrect. *See Testa*, 89 F.3d at 447 (district court did not abuse its discretion by ordering each party to bear its own costs in mixed result case), *Gavoni*, 164 F.3d at 1075 (district court did not abuse its discretion by denying prevailing plaintiffs' motion for costs). For example, a technically "prevailing" plaintiff who receives only a nominal recovery is not necessarily entitled to costs. *See Ellis v. Country Club Hills*, No. 06 C 1895, 2012 WL 4009701 (N.D. Ill. Sept. 12, 2012) (plaintiff's motion for costs denied when plaintiff received only $1 in compensatory damages).

Thus, the Court must decide, in the exercise of its discretion, whether an award of costs is appropriate in this case. The decision depends on whether plaintiffs prevailed as to the "substantial" part of the litigation. Plaintiff's $50,000 award, though only a small percentage of the amount sought, is hardly inconsiderable, and certainly not merely nominal. It is a significantly larger recovery than the plaintiffs obtained in the above-cited cases, for example. *See Testa*, 89 F.3d at 447 (plaintiff lost on a § 1983 claim and received only a $1,500 award on a

malicious prosecution claim); *Gavoni*, 164 F.3d at 1075 (three plaintiffs sought $825,000 but received only $6,500 total).

Still, courts have found greater amounts insubstantial for purposes of a motion for costs under Rule 54(d) in a mixed-result case. *See, e.g., Gonzalez v. City of Elgin*, 2010 WL 4636638, No. 06 C 5321 (N.D. Ill. Nov. 8, 2010) (finding that a total of $53,500 in compensatory and punitive damages was not sufficiently substantial to support an award of costs). In fact, in *Thorncreek Apartments I, LLC v. Village of Park Forest*, 123 F. Supp. 3d 1012, 1014 (N.D. Ill. 2015), the court ordered the parties to bear their own costs despite a jury verdict for plaintiff of over *$2 million*, reasoning that the verdict was only a tenth of the amount sought and the plaintiff prevailed on only one of several claims against just two of the eleven named defendants.

The Court finds *Thorncreek*'s analysis particularly persuasive. As in *Thorncreek*, the unsuccessful claims in this case consumed a significant amount of the Court's and the parties' time and resources. *See id*. at 1016 ("[The] unsuccessful claims . . . took up a significant amount of time without producing anything in return."). If plaintiff had not asserted retaliation claims in addition to her hostile work environment claim, there would have been no need to present detailed evidence of the circumstances of her discharge, and the proceedings in this case would have been simpler and shorter. Further, as in *Thorncreek*, plaintiff received a tiny fraction of the amount she sought. She herself stated (through counsel) in her closing argument that she considered the state-law retaliatory discharge claim to be the "worst" one, and she did not prevail on that claim. Had she prevailed on either retaliation claim, her recovery might have been substantially different. For one thing, a finding that her discharge was retaliatory might have entitled her to an award of lost pay under Title VII. (*See* Mem. Op. & Order, ECF No. 169.) For another, Title VII's statutory damages cap does not apply to a retaliatory discharge claim brought

4

under Illinois law, *see Mendez v. Perla Dental*, No. 04C4159, 2008 WL 821882, at *5 (N.D. Ill. Mar. 26, 2008), so a verdict for plaintiff on that claim could have dramatically increased the amount of the total jury award.

The Court concludes that neither party prevailed as to "the substantial part of the litigation," *Testa*, 89 F.3d at 447, to the exclusion of the other; rather, each party prevailed as to a different substantial part of the litigation. In light of these mixed results, the Court exercises its discretion to order each party to bear its own costs.

The Court has also considered defendant's alternative proposals of awarding plaintiff reduced costs or awarding plaintiff her costs offset against defendant's costs, but each party objects to certain of the other side's claimed costs, so determining the correct reduced amount or offset amount of costs would require the Court and the parties to expend significant time, energy, and resources sorting out the objections. Under the circumstances of this case, such effort is unnecessary. *See Thorncreek*, 123 F. Supp. 3d at 1017 ("There is no reason to run to ground [the parties'] objections to the bills of costs, for no matter how closely the bills might offset, the mixed result makes it appropriate for each side to bear its own costs."); *Wells v. City of Chi.*, 925 F. Supp. 2d 1036, 1050 (N.D. Ill. 2013) ("Because the Court is denying both sides' bills of costs, it need not and does not adjudicate each side's objections to particular items within the opposing side's bill of costs."). The fairest and most efficient solution, given the mixed result, is for each party to bear its own costs.

SO ORDERED.                                              ENTERED: June 22, 2016

_____
**HON. JORGE ALONSO**
**United States District Judge**