# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ZOBAIDA MASUD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 C 6419 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| ROHR-GROVE MOTORS, INC., d/b/a | ) |
| ARLINGTON NISSAN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Both parties have submitted motions concerning the proper procedure for resolving plaintiff's forthcoming motion for attorney's fees. For the following reasons, the motions [192] and [194] are granted in part and denied in part. The parties are directed to agree on a concise joint statement similar in form to the sample joint statement in the appendix to Local Rule 54.3, and plaintiff shall attach the joint statement to her motion for attorney's fees. By agreeing to a more concise joint statement, defendant does not waive any position it has articulated in its motion [194] or its version of the joint statement submitted as Exhibit 1 to that motion. Plaintiff shall file its motion for fees by October 21, 2016. Defendant shall file its response by November 14, 2016. Plaintiff shall file its reply by November 28, 2016. The Court denies leave to file any supplemental fee petition until after the Court rules on the forthcoming petition for the fees plaintiff disclosed on July 28, 2016.

## DISCUSSION

Following a jury verdict for plaintiff Zobaida Masud on a Title VII hostile work environment claim, plaintiff and defendant have attempted to negotiate an agreement as to the attorney's fees plaintiff will recover from defendant, and the Court has extended the deadline for

1

filing a motion for attorney's fees in order to promote those negotiations. In the present motions, the parties report that they were unable to reach agreement, and they are now proceeding toward litigating their fee dispute, but they cannot agree on the proper procedure for doing so. The parties' procedural disputes center on (a) the joint statement required by Local Rule 54.3, and (b) plaintiff's request for leave to submit supplemental records of hours worked by her attorneys.

**Joint Statement Under Local Rule 54.3**

Local Rule 54.3 governs the procedure in this district for resolving fee disputes. It directs the parties, initially, to exchange information and attempt to resolve any disputes on their own. If they are unable to do so, then they are to prepare a "joint statement" outlining the dispute by providing, among other information, a "brief description of each specific dispute remaining between the parties as to the fees or expenses." Local Rule 54.3(e)(3). The parties are to "complete preparation" of the joint statement twenty days before the motion for fees is due. *See* Local Rule 54.3(e). When the fee motion is filed, the joint statement is to be attached, and the parties are to limit their evidence and argument to the issues disclosed in the joint statement. Local Rule 54.3(f).

The parties' motions reveal that plaintiff's proposed version of the joint statement outlines the disputed issues in very brief, one-sentence descriptions. Defendant proposed a much fuller, more detailed version, and insisted that it must submit the more detailed version to the Court in order to avoid waiving its objection to certain of plaintiff's positions.

Local Rule 54.3 provides that the joint statement must be prepared twenty days before the fees motion is due in order to give shape to the dispute and promote more productive briefing and more efficient resolution of the disputed issues. *See Angelilli v. Bd. of Educ. of City of Chi.*, No. 00 C 1670, 2001 WL 708922, at *2 (N.D. Ill. June 15, 2001) ("Local Rule 54.3 was

promulgated to promote amicable resolution and lessen the burden on the court by defining the areas of actual disagreement between the parties to a fee petition dispute." (internal quotation marks omitted)). The Joint Statement need only provide notice of the areas of actual disagreement; it need not set forth the parties' positions in detail. The Sample Joint Statement in the Appendix to LR 54.3 has just the sort of short descriptions plaintiff has provided in its version of the statement, and the Court agrees with plaintiff that the joint statement's descriptions need not be any more detailed.

The parties are directed to agree on a concise joint statement similar in form to the sample joint statement in the appendix to Local Rule 54.3, and plaintiff shall attach the joint statement to its fee motion. By agreeing to a more concise joint statement, defendant does not waive any position it has articulated in its motion [194] or its version of the joint statement submitted as Exhibit 1 to that motion.

**<u>Supplemental Time Submissions</u>**

Plaintiff seeks leave to submit supplemental time entries. On the July 28, 2016 deadline, plaintiff disclosed records of hours worked on this case by her attorney Charles Siedlecki prior to June 11, 2016 and by her attorney Edward Voci prior to June 25, 2016. She now seeks to supplement those records with records of hours worked after those dates. Defendant contends that plaintiff should be barred from seeking any fees for hours worked between the attorneys' June cutoff dates and the July 28 deadline because those hours should have been disclosed on July 28, and it contends that the Court should not consider any supplemental fee petition until after it has ruled on the forthcoming motion for fees for the hours disclosed on July 28.

The Court agrees with defendant that the interests of judicial efficiency are best served by postponing the submission of any supplemental fee petition until after the Court rules on the

forthcoming petition for the fees plaintiff disclosed on July 28, 2016. The Court's ruling on the initial petition may, if not obviate the need for a supplemental petition, at least narrow the issues in dispute and streamline the process.

**SO ORDERED.** **ENTERED: September 19, 2016**

**_____**
**HON. JORGE ALONSO**
**United States District Judge**